UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

DAVID SMITH )
    Plaintiff; )
)
-vs.- )
) No. CV-99-P-1369-W
ALFA MUTUAL INSURANCE, INC., )
ET AL. )
    Defendants.

OPINION

    The defendant's Motion to Dismiss was taken under submission at this court's August 16, 1999 motion docket. For the following reasons, this motion is due to be granted.

Facts[1]

    The defendant, Alfa Mutual Insurance Company, Inc. ("Alfa") provides real estate insurance coverage. The plaintiff, David Smith, purchased an insurance policy from Alfa. This policy contained a "cooperation clause," requiring the policyholder to provide Alfa with certain information in the event of an insured loss. On May 31, 1998, the plaintiff suffered a loss of his home from fire, and he subsequently filed a claim with the defendant.

    The plaintiff alleges that he met with an insurance adjuster at his burned home soon after the fire. Two or three weeks later, the plaintiff called the adjuster and arranged to meet at the

---

[1] The factual allegations the plaintiff states in his complaint are taken as true for the purpose of a motion to dismiss. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

1

adjuster's office. When he met with the adjuster, the plaintiff was asked to fill out a number of claim forms, including a Credit Report Release. The plaintiff states in his affidavit that he was told that he would have to sign the form in order for his claim to be paid. He states that he was also told that the purpose of the form was to check on whether the insurance claim was filed by a person "who [has] financial problems and [might] burn their house down." Aff. of Pl.

The plaintiff signed the Credit Report Release form. On July 9, 1999, the defendant requested the plaintiff's credit file from Equifax. In due course, the plaintiff's claim was paid by Alfa.

On May 27, 1999, the plaintiff filed a class action complaint in the United States District Court for the Northern District of Alabama stating claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and for breach of contract. On June 23, 1999, the defendant filed a motion to dismiss all of the plaintiff's claims. This motion is due to be granted because the plaintiff provided Alfa with authorization to obtain his credit history.

Analysis

The defendant moves to dismiss the plaintiff's FCRA claims on the grounds that the credit report reviewed by Alfa does not constitute a "consumer report" or an "investigative consumer report" as defined by the statute, citing Hovater v. Equifax, Inc., 823 F.2d 413 (11th Cir. 1987). In Hovater, the Eleventh Circuit held that a report containing information on a policyholder's credit history, character, and other background information, compiled at the request of an insurance company in the processing of a claim was not a "consumer report" under the FCRA.

The plaintiffs contend that the report at issue here is more closely akin to the credit report

at issue in Yang v. Government Employees Insurance Company ("GEICO"), a more recent pronouncement of the appellate court. See 146 F.3d 1320 (11th Cir. 1998). When Yang sought to recover for an accident with a woman insured by GEICO, the insurance company electronically accessed information on Yang's credit history, compiled by Equifax. The Yang court found that the credit report, which was expected to be used as, and was compiled for, credit eligibility determinations as opposed to evaluating insurance claims was a "consumer report." The court distinguished Hovater on the grounds that the sole reason for which the report at issue was compiled, and its only intended use, was to evaluate Hovater's claim for fire insurance proceeds.

Although the credit report obtained by Alfa more closely resembles the report examined by GEICO in Yang, the defendant's motion to dismiss is due to be granted because the plaintiff provided Alfa with written authorization to obtain the report. The FCRA incorporates a number of permissible purposes for which a credit reporting agency may furnish a consumer report, including "in accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2). The plaintiff acknowledges that he provided written authorization to an agent of Alfa to review his credit report, which eliminates any claims he has brought under the FCRA.[2]

The plaintiff has also brought a breach of contract claim against the defendant. This claim is also due to be dismissed because the plaintiff's insurance claim was paid by Alfa, and as he

---

[2]The plaintiff alleges that Alfa requested and obtained the plaintiff's credit report prior to receiving authorization. However, the plaintiff submits no evidence to support this claim, other than his own affidavit. The affidavit implies that Alfa's request for the report came close on the heels of the claims adjuster receiving the plaintiff's authorization, but it does not provide solid support for the allegation that Alfa was unauthorized at the time it requested the plaintiff's credit report from Equifax.

3

states in his affidavit, "[o]ther than the requirement of a Consumer Credit Report and Release, I was satisfied with the claims adjuster and the claims adjustment process with Alfa."

The dismissal of this action is without prejudice as to any claims on behalf of members of a purported class.


Dated: Aug 23, 1999

                                                Chief Judge Sam C. Pointer, Jr.

Service List:
    Alfred G. Lewis, III
    W. Eason Mitchell
    M. Christian King
    William H. Brooks
    Melody Lynn Hurdle